JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —   (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On
1/26/10**

| | |
|---|---|
| Case No. A09-00446-HAR | In Chapter 7 |
| In re RENNE CECILIA CHAMPAGNE, | |
| Debtor(s) | |
| ALASKA USA FEDERAL CREDIT UNION, | Adv Proc No A09-90027-HAR |
| Plaintiff(s) | **MEMORANDUM REGARDING ORDER DENYING ENTRY OF DEFAULT JUDGMENT WITHOUT PREJUDICE** |
| v. | |
| RENNE CECILIA CHAMPAGNE, | |
| Defendant(s) | |

Alaska USA Federal Credit Union (AUSA) obtained a default and requested the court enter a default judgment of about $6,500 against the debtor-defendant on allegation of nondischargeability under 11 USC § 523(a)(6).

The complaint involves financing of two snow machines in 2003 and 2004, and says, as to each:[1]

> Defendant has advised Alaska USA that defendant sold Alaska USA's collateral without disclosing said sale to Alaska USA. Defendant has further claimed that she cannot remember to whom the collateral was sold. At the time of the alleged sale, defendant knew that (1) Alaska USA was the secured lien holder on the collateral, (2) she made a conscious decision to not pay Alaska USA the money that she allegedly received for its collateral, and (3) this would cause injury to Alaska USA.

There is no allegation of when the two snow machines were sold.

---

[1] *Complaint*, Docket No. 1, ¶¶ 8 and 16.

The retail installment contract purchase prices and the amount remaining to be paid are:

– Purchase price was **$13,589** on November 29, 2003 (Count I of the complaint); remaining principal balance in 2009, **$2,847.28**; and,

– Purchase price was **$12,199** on February 18, 2004 (Count II of the complaint); remaining principal balance in 2009, **$3,319.11**.

So it appears that the debtor has paid about $25,000 in loans down to a little over $6,100. There is no evidence that substantial portions of this debt were not paid after the alleged sales. If they were, the inference of willfulness and/or maliciousness under § 523(a)(6) would be undercut.

To prove up its default judgment, AUSA provided an affidavit from its enforcement officer, Carol Baxter, calculating the principal, interest and costs of $250 for each snow machine loan. Nothing of the details showing why this is nondischargeable under § 523(a)(6), or fleshing out the allegations in the complaint.[2]

The court has discretion to require an adequate prove-up of the default before entering a default judgment pursuant to FRCP 55(b)(2), incorporated into adversary proceedings by FRBP 7055.[3]

Non-dischargeability under § 523(a)(6) requires a showing that the conduct was both willful and malicious. To show the conduct was "willful," the creditor must show the creditor deliberately and intentionally injured the creditor, intending the consequence of her act. Her subjective motive or belief must have been that injury was substantially certain to result from her conduct.[4]

To be sure, there are cases in which a debtor has sold collateral without turning over the proceeds to the secured creditor where the court has found the debt nondischargeable under

---

[2] Docket No. 4, at pages 5-6.

[3] In re McGee, 359 BR 764, 771-75 (9th Cir BAP 2006); In re Beltran, 182 BR 820, 823-24, (9th Cir BAP 1995).

[4] In re Suarez, 400 BR 732, 736-37 (9th Cir 2009).

MEMORANDUM REGARDING ORDER DENYING ENTRY
OF DEFAULT JUDGMENT WITHOUT PREJUDICE                                        Page 2 of 3

§ 523(a)(6).[5]  And, there are cases saying the debt should be discharged.[6]  There are a multitude of cases going either way, depending on the facts.[7]

    Without further evidence, I am not willing to enter a default judgment in this adversary. So, I will give AUSA until March 1, 2010, to submit a more adequate prove-up declaration.

DATED:  January 26, 2010

                                 /s/ Herb Ross
                                 HERB ROSS
                         U.S. Bankruptcy Judge

Serve:
Wayne Dawson, Esq., for π
Pro se Δ
Cheryl Rapp, Adv. Proc. Mgr.                                 D7264

    01/26/10

---

[5] Ford Motor Credit Co. v Owens, 807 F2d 1556 (11th Cir 1987).

[6] *See, e.g.,* In re Endicott, 254 BR 471 (Bankr D Idaho 2000).

[7] *See*, 11 USCA § 523, Annotation Notes 1003-1013.

MEMORANDUM REGARDING ORDER DENYING ENTRY
OF DEFAULT JUDGMENT WITHOUT PREJUDICE                                                 Page 3 of 3